BYE, Circuit Judge,
concurring.
*651 I join the majority opinion in full. I write simply to make explicit what I believe is implicit in the court’s decision. In Singleton v. Cecil, 176 F.3d 419, 424-25 & n. 7 (8th Cir.1999) (en banc), Riley v. St. Louis County, 153 F.3d 627, 631 (8th Cir.1998), Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir.1998) (en banc), and other cases, we confused two elements of a plaintiffs substantive due process claim based upon executive action with two distinct theories of recovery. Our distinction can no longer be maintained in the face of the Supreme Court’s most recent substantive due process decisions.
In County of Sacramento v. Lewis, the Court held that all substantive due process claims against executive officials proceed under one theory, not two separate theories. 523 U.S. 833, 847 n. 8, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). In every case in which a plaintiff challenges the actions of an executive official under the substantive component of the Due Process Clause, he must demonstrate both that the official’s conduct was conscience-shocking, id., and that the official violated one or more fundamental rights that are “deeply rooted in this Nation’s history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.” Washington v. Glucksberg, 521 U.S. 702, 720-21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (internal citations and quotations omitted); see Lewis, 523 U.S. at 847 n. 8, 118 S.Ct. 1708 (“Only if the necessary condition of egregious behavior were satisfied would there be a possibility of recognizing a substantive due process right to be free of such executive action, and only then might there be a debate about the sufficiency of historical examples of enforcement of the right claimed, or its recognition in other ways.”); Hawkins v. Freeman, 195 F.3d 732, 738 & n. 1 (4th Cir.1999) (en banc); Morris v. Dear-borne, 181 F.3d 657, 668 (5th Cir.1999); Robert Chesney, Old Wine or New? The Shocks-the-Conscience Standard and the Distinction Between Legislative and Executive Action, 50 Syracuse L.Rev. 981, 992-93, 997-99 (2000).
The majority ably explains that Thomas Moran produced proof sufficient to avoid a directed verdict as to both elements. As to conscience-shocking government conduct, Moran “introduced evidence that tends to show a police department that publicly and financially committed itself to producing a culprit for an alleged wrongdoing before any such wrongdoing was actually established.” Ante at 647. As to the fundamental rights analysis, the majority properly concludes Moran may have been deprived of important interests in his job and his good name, perhaps on the basis of his race. Ante at 645-46. I therefore join with the majority in reversing the district court’s hasty decision to grant the defendants judgment as a matter of law.